# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> JOSHUA OBRYAN MILES (2), § <br> § <br> Defendant. § | CIVIL ACTION NO. 6:22-CR-00047-JCB |

## REPORT & RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

On June 7, 2024, the court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Joshua Miles. The government was represented by Alan Jackson, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Ken Hawk, Federal Public Defender.

Defendant originally pled guilty to the offense of Possession With Intent to Distribute and Distribution of Less Than 28 Grams of Cocaine Base, a Class C felony. This offense carried statutory maximum imprisonment terms of 20 years. The guideline imprisonment range, based on total offense level of 21 and criminal history category of III, was 46 to 57 months. On March 20, 2023, U.S. District Judge J. Campbell Barker sentenced Defendant to 14 months imprisonment, due to a joint motion by both parties, followed by a three-year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, substance abuse treatment and testing, and high school equivalency certificate. On April 12, 2023, Defendant completed his period of imprisonment and began service of his supervision term.

Under the terms of supervised release, Defendant was prohibited from communicating or interacting with someone known to be engaged in criminal activity. In its petition, the government alleges that Defendant violated his conditions of supervised release on May 25, 2024 when he was found to be associating with a convicted felon, Anthony Whitaker, who was engaged in criminal activity as evidenced by Whitaker's arrest for possession of crack cocaine.

If the court finds by preponderance of the evidence that Defendant violated the conditions of supervised release as alleged in the government's petition, Defendant will have committed a Grade C violation. U.S.S.G. § 7B1.1(a). Upon finding of a Grade C violation, the court may (A) revoke supervised release, or (B) extend the term of supervised release and/or modify the conditions of supervision. U.S.S.G. § 7B1.3(a)(1). Considering Defendant's criminal history category of I, the Guideline imprisonment range for a Grade C violation is 5 to 11 months. U.S.S.G. § 7B1.4(a).

At the hearing, the parties indicated that they had come to an agreement to resolve the petition whereby Defendant would plead true to the Grade C violation of the conditions of supervision referenced above. In exchange, the government recommended to the court a sentence of 12 months and 1 day imprisonment, with no supervised release to follow. The government recommended an upward departure, generally, because Defendant's original sentence of 14 months was well below the sentencing guidelines, as well as to avoid a plea of true that would interfere with Defendant's pending state charges related to the other allegations in the petition. The government further recommended a single day upward departure so that Defendant may receive any good time credit that he may be eligible for. Having considered the facts and recommendation, the court finds that a slight upward departure is warranted.

The court therefore **RECOMMENDS** that Defendant Joshua Miles's plea of true be accepted and that he be sentenced to 12 months and 1 day imprisonment, with no supervised release to follow. The court **FURTHER RECOMMENDS** that the place of confinement be FCI Seagoville, Texas, if available. The parties waived their right to objections so this matter shall be immediately presented to the District Judge for consideration.

**So ORDERED and SIGNED this 7th day of June, 2024.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE